Kirk Pasich (SBN 94242)
kpasich@pasichllp.com
Sandra Smith Thayer (SBN 200294)
sthayer@pasichllp.com
Anamay M. Carmel (SBN 298080)
acarmel@pasichllp.com
Christopher T. Pasich (SBN 299191)
cpasich@pasichllp.com
PASICH LLP
10880 Wilshire Blvd., Suite 2000
Los Angeles, California 90024
Telephone: (424) 313-7860
Facsimile: (424) 313-7890

Attorneys for Plaintiffs and Counter-Defendants
Sempra Energy and Southern California Gas
Company

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEMPRA ENERGY; and SOUTHERN CALIFORNIA GAS COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED; *et al.,*<br><br>Defendants.<br><br>AND RELATED ACTIONS | Case No. 2:19-cv-03340-ODW (JPR)x<br><br>**STIPULATED PROTECTIVE ORDER** |

Having reviewed the Parties' Stipulated Protective Order, and for good cause appearing, the Court hereby enters a Stipulated Protective Order as follows:

**1. <u>PURPOSES AND LIMITATIONS</u>**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2. GOOD CAUSE STATEMENT**

This action is likely to involve the production of valuable commercial, financial, technical, confidential and/or proprietary information for which the parties believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information; information regarding confidential business practices or other confidential, technical, or commercial information; confidential information implicating privacy rights of third parties; information otherwise generally unavailable to the public; or information which may be otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3. PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establish that the material sought to be filed under seal qualifies as confidential, privileged, or is otherwise protectable,—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

3
**STIPULATED PROTECTIVE ORDER**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 4. **DEFINITIONS**

a. "Action": the above-entitled lawsuit

b. "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

c. "CONFIDENTIAL Materials": any Document, Testimony, or Information, as defined below: (i) that is produced for or disclosed to a Party (Plaintiffs, Defendants, or Counter-Defendant); (ii) that the Designating Party reasonably and in good faith believes to be entitled to confidential treatment under applicable law, including, without limitation, trade secrets and other proprietary information; and (iii) that has been designated as "Confidential Material" by the Designating Party in compliance with this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall be construed in any way to control the use, dissemination, publication, or disposition by a Party of any Document, Testimony, or Information that legitimately, without breach of confidentiality, is a public record or in the public domain, received at any time by that Party outside the course of the discovery process in this Action. The fact that any Document, Testimony, or

Information is subject to a legal privilege does not, in and of itself, make such Document, Testimony, or Information "CONFIDENTIAL Materials."

      **d.**    "Counsel": Outside Counsel of Record and House Counsel.

      **e.**    "Designating Party": a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

      **f.**    "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      **g.**    "Document" or "Documents": any documents or electronically-stored information as contemplated by Federal Rule of Civil Procedure 34(a), including without limitation: (i) all writings as defined in Federal Rule of Evidence 1001(a); (ii) all originals as defined in Federal Rule of Evidence 1001(e); and (iii) any copies, reproductions, or summaries of all or any part of the foregoing.

      **h.**    "Expert": a person with specialized knowledge or experience who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

      **i.**    "House Counsel": attorneys who are employees of a Party to this Action, and their support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

      **j.**    "Information": the content of Documents, Testimony, or written discovery responses.

      **k.**    "Non-Party": any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

      **l.**    "Outside Counsel of Record": attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and/or have appeared in this Action or underlying actions on behalf of that Party or

are affiliated with a law firm that has appeared on behalf of that Party, and includes their support staff.

  m. "Party":  any party to this Action, including all of its officers, agents, representatives, administrators, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  n. "Producing Party":  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

  o. "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  p. "Protected Material":  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

  q. "Receiving Party":  a Party that receives Disclosure or Discovery Material from a Producing Party.

  r. "Testimony": all depositions, declarations or other testimony taken or used in this Action.

**5. SCOPE**

  The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

  Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.  This Order does not govern the use of Protected Material at trial.

  This Stipulated Protective Order does not govern Documents, Testimony, or Information that are subject to a legal privilege, unless such Documents, Testimony,

or Information are also "CONFIDENTIAL Materials." Privileged Documents, Testimony, or Information shall be handled in accordance with applicable law. By making any Confidential Material available to each other during the course of this Action, the Parties do not waive any privilege or protection that might otherwise be afforded to those Confidential Materials.

## 6. **DURATION**

This Stipulated Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulated Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulated Protective Order, even after the Action is terminated.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, for such materials introduced as trial exhibits, the terms of this Stipulated Protective Order do not extend beyond the commencement of the trial.

## 7. **DESIGNATING PROTECTED MATERIAL**

a. Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the inapplicable designation. The provisions in this section do not apply to documents produced in the underlying *Southern California Gas Leak Cases* that are reproduced here. Documents produced in the underlying *Southern California Gas Leak Cases* will be produced in this case as they were produced in the underlying cases unless the Court orders otherwise.

     **b.**    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

    (1) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains Protected Material or, with respect to any such Document produced natively, in the Document's file name.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated

**STIPULATED PROTECTIVE ORDER**

Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(2) for testimony given in depositions, that the Designating Party may designate on the record, before the close of the deposition, all "CONFIDENTIAL" Materials or may designate portions of the deposition transcript "CONFIDENTIAL" by notifying the Parties in writing within thirty (30) days after receipt of the transcript. Only those portions of the testimony that are appropriately designated for protection within thirty (30) days after receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.

(3) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

c. <u>Inadvertent Failures to Designate</u>. If a party inadvertently produces any information during discovery that it considers to be "CONFIDENTIAL" Materials, in whole or in part, without a "CONFIDENTIAL" designation, it may correct the situation as follows:

(1) Within twenty (20) days of the Producing Party's discovery of the inadvertent production without a "CONFIDENTIAL" designation, and no later than forty-five (45) days prior to trial, the Producing Party must give written notice to all Parties who received the materials that the Producing Party claims, in whole or in part, is "CONFIDENTIAL," together with a further copy of the material marked "CONFIDENTIAL" as intended by the Designating Party (the "Inadvertent

Production Notice").

(2)  Upon timely receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced material without a "CONFIDENTIAL" designation shall promptly destroy the subject material and all copies thereof, or, at the expense of the Designating Party, return them together with all copies, and shall retain only the version marked "CONFIDENTIAL" as intended by the Designating Party.  Upon timely receipt of an Inadvertent Production Notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

(3)  If timely corrected, an inadvertent failure to designate qualified material as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.

## 8. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**a.** <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality via motion at any time that is consistent with the Court's Scheduling Order.

**b.** <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**c.** <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party</u> by a preponderance of the evidence.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to potential sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

    a.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below ("FINAL DISPOSITION").

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

    b.    <u>Disclosure of "CONFIDENTIAL" Materials</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any materials designated "CONFIDENTIAL" only to:

    (1)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (2)  the officers, directors, and employees (including House Counsel) of the Receiving Party and authorized claim handling agents for insurer parties to whom disclosure is reasonably necessary for this Action;

    (3)  Experts (as defined in this Stipulated Protective Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (4)  the Court (including any other courts, such as appellate courts, in which this Action is to be adjudicated) and its personnel;

    (5)  court reporters and their staff;

    (6)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8) auditors, reinsurers, accountants, regulators, or retrocessionaires of any Party who, in the normal course of business, would have access to or to whom a Party has a business obligation to provide such information in connection with this Action;

(9) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(10) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussions or appointed by the Court;

(11) copying and e-discovery service providers for the sole purpose of providing litigation support related to this Action; and

(12) other factual witnesses who agree to comply with and be bound by the requirements of this Stipulated Protective Order and whose role as a witness is such that they have a genuine need to know the content of the Protected Material.

**c.** Other Permitted Disclosure. Nothing in this Stipulated Protective Order shall preclude any Party from disclosing or using, in any manner or for any purpose, any information that is: (1) generally available to the public, other than as a result of disclosure by any Party to this Action in violation of this Stipulated

Protective Order; (2) already lawfully in the Party's possession prior to its designation as "CONFIDENTIAL" in this Action; (3) lawfully obtained on a non-confidential basis from a Non-Party to this Action who, insofar as is known after a reasonable inquiry, is not bound by any obligation of confidentiality with respect to such information; or (4) developed independently, as evidenced by a written record.

## 10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any materials designated in this Action as "CONFIDENTIAL," that Party must:

(1) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from a court, and a Receiving Party is expressly authorized to comply with all lawful directives from a court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a. The terms of this Stipulated Protective Order are applicable to materials produced by a Non-Party in this Action, or in the underlying *Southern California Gas Leak Cases*, and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action, or produced in the *Southern California Gas Leak Cases* and then produced in this Action, is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

c. If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by this Court.

Absent a Court order to the contrary, or an agreement between a Non-Party and a Party to this Action, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### 12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person(s) to return or destroy the Protected Materials and any copies.

### 13. MISCELLANEOUS

a. <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right of any Party to seek its modification by the Court in the future.

b. <u>Right to Assert Other Objections</u>. By entering into this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### 14. FINAL DISPOSITION

After settlement of this Action, or after the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the

Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of (1) all pleadings, motion papers, trial transcripts, deposition transcripts, hearing transcripts, legal memoranda, correspondence, trial exhibits, expert reports, attorney work product, and consultant and expert work product; and (2) any exhibits thereto, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

### 15. **VIOLATION**

Any violation of this Stipulated Protective Order may be resolved by any appropriate measures of relief.

DATED: November 12, 2019

Kirk A. Pasich
Sandra Smith Thayer
Anamay Carmel
Christopher Pasich
PASICH LLP

By: */s/ Sandra Smith Thayer*
Sandra Smith Thayer
Attorneys for Plaintiffs and Counter-Defendants Sempra Energy and Southern California Gas Company

I hereby attest that Defendants', Counter-Claimants' and Counter-Defendants' attorneys have reviewed this Stipulated Protective Order and concur in its content and authorize the filing of same. I further attest that I have on file documentation of their authorization.

*/s/ Sandra Smith Thayer*
Sandra Smith Thayer

DATED: November 12, 2019
Alan S. Rutkin
George D. Kappus
Steven M. Zuckermann
Gregory J. Klubok
RIVKIN RADLER LLP

Larry M. Golub
Vivian I. Orlando
HINSHAW & CULBERTSON LLP

By: _/s/ Steven M. Zuckermann_
Steven M. Zuckermann
Attorneys for Defendant and Counter-Claimant
Associated Electric& Gas Insurance Services Ltd.

DATED: November 12, 2019
Sara M. Thorpe
Ethan H. Seibert
NICOLAIDES FINK THORPE MICHAELIDES SULLIVAN LLP

By: _/s/ Sara M. Thorpe_
Sara M. Thorpe
Attorneys for Defendant and Counter-Claimant
Continental Insurance Company

DATED: November 12, 2019
Jeffrey A. Dollinger
Katy A. Nelson
WOOLS PEER DOLLINGER & SCHER LLP

By: _/s/ Katy A. Nelson_
Katy A. Nelson
Attorneys for Counter-Defendant Industrial Indemnity Company, by United States Fire Insurance Company pursuant to the May 27, 2005 Order of the Superior Court of California, County of Los Angeles, Case No. BS083582

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: November 18, 2019

Hon. Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Sempra Energy, et al v. Associates Electric & Gas Insurance Services Limited, et al,* United States District Court, Central District of California Case No. 2:19-cv-03340ODW-JPR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to potential sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____