O

# United States District Court
# Central District of California

| | |
|---|---|
| SEMPRA ENERGY; and SOUTHERN CALIFORNIA GAS COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LIMITED et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS ACTIONS. | Case № 2:19-cv-03340-ODW (JPRx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STAY [73]** |

## I. INTRODUCTION

Before the Court is a motion to stay part ("Motion") of this breach of insurance contract case filed by Plaintiffs, Sempra Energy ("Sempra") and Southern California Gas Company ("SoCal Gas") (collectively "Plaintiffs"). (Mot. to Stay In Part

("Mot."), ECF No. 73.) For the following reasons, the Court **DENIES** Plaintiffs' motion.[1]

## II. FACTUAL BACKGROUND

Plaintiffs Sempra and SoCal Gas face litigation against over 36,000 plaintiffs ("Underlying Action") for bodily injury and property damages arising from natural gas leaks at the Aliso Canyon storage facility discovered on October 23, 2015, and other leaks dating back to 1972. (Mot. 10–11.)

On September 21, 2018, once Plaintiffs discovered that certain claims in the Underlying Action date back to 1972, Plaintiffs notified Associated Electric & Gas Insurance Services Limited ("AEGIS") and The Continental Insurance Company ("Continental") (collectively "Defendants"), and demanded that they defend or pay for the defense of the Underlying Action. (Mot. 11.) On October 9, 2018, AEGIS declined to pay as, among other things, it had entered into a settlement agreement with Plaintiffs in September 2016 regarding the Underlying Action that allegedly released it from all liability. (Mot. 11; AEGIS Opp'n to Mot. ("Opp'n") 4, ECF No. 80.) Continental initially failed to respond to the demands but eventually agreed to defend against all the individual claims. (Mot. 11.)

On March 26, 2019, Plaintiffs filed the instant lawsuit seeking damages for Defendants' breach of their duties to defend the Underlying Action. (*See* Compl., ECF No. 1-1; Mot. 12.) On April 24, 2019, AEGIS filed its answer alleging a number of affirmative defenses. (AEGIS Answer, ECF No. 1-2.) On May 2, 2019, Continental similarly filed its answer and asserted affirmative defenses. (Continental Answer, ECF No. 10.)

After a discovery dispute ensued between the parties, Plaintiffs filed the instant motion to stay the case, only as to certain affirmative defenses raised by Defendants. (*See* Mot.) AEGIS opposes Plaintiffs' Motion. (*See* Opp'n.) Continental has not

---

[1] After carefully considering the papers filed in connection with this motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

opposed the limited stay, provided it does not prevent the parties from conducting discovery, bringing motions, and resolving which Defendant will control the defense in the Underlying Action. (*See* Continental's Resp. to Mot. 3, ECF No. 81.)

### III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Courts must weigh competing interests when determining whether to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

> "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."

*Id*. The burden is on the moving party to show a stay is appropriate. *AmTrust Int'l Underwriters Ltd. v. Silver Star Constr. Eng'g, Inc.*, No. CV-18-4776-MWF-JEMX, 2018 WL 5819454, at *4 (C.D. Cal. Oct. 30, 2018) (citing *Landis*, 299 U.S. at 255).

Courts "must be mindful that, 'if there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else,' then the movant 'must make out a clear case of hardship or inequity in being required to go forward.'" *Id.* (alteration in original) (quoting *Landis*, 299 U.S. at 255).

### IV. DISCUSSION

The Court finds neither the potential overlapping of the factual and legal issues in the Underlying Actions and this action, nor the balance of hardships between the parties, justifies a stay.

## A. Possible Damage to Defendants

First, the Court addresses the possible damage which may result from granting the partial stay. *See CMAX*, 300 F.2d at 268. AEGIS claims that granting this partial stay would force it to litigate Plaintiffs' claims without raising defenses. (Opp'n 2.) Plaintiffs argue that the applicable standard in assessing whether Defendants are bound to defend the Underlying Action per the contractual terms does not require the Court to consider the factual and legal issues raised in certain affirmative defenses they seek to stay. (Mot. 18–21; Reply to Opp'n ("Reply") 1, ECF No. 83.) However, AEGIS asserts that a different standard is applicable to analyze the terms of the contract under which its defenses are relevant. (Opp'n 12–14.) The Court declines at this time to address the merits of the claims in the lawsuit at issue or determine which standard is applicable to the terms of the insurance contract.

Regardless, the Court recognizes that AEGIS may be severely disadvantaged if forced to litigate the claims without being permitted to raise eight of twenty-five defenses pleaded in its Answer.[2] (Opp'n 14.) Plaintiffs assert that "being required to defend a suit does not constitute 'hardship or inequity.'" (Mot. 21 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Elec. Arts, Inc.*, No. C 11-04897 JW, 2012 WL 219428, at *2 (N.D. Cal. Jan. 24, 2012).) However, the potential hardship Defendants face is not the cost of defending Plaintiffs in the Underlying Action, as it was in *Nat'l Union*, but rather answering Plaintiffs claims in the instant matter without the opportunity to raise defenses. Accordingly, given the potential damage to Defendants, the Court finds this factor weighs against granting a partial stay.

## B. Hardship to Plaintiffs

Second, as the Court finds that there is a greater than fair possibility that the stay will damage Defendants, Plaintiffs must make out a clear case of hardship or inequity in being required to go forward. *AmTrust*, 2018 WL 5819454, at *4 (quoting

---

[2] Plaintiffs seek to stay AEGIS's Third, Eleventh, Twelfth, Fourteenth through Seventeenth and Nineteenth Affirmative Defenses and Continental's Fifth through Ninth Causes of Action. (Mot. 12 n.1.)

*Landis*, 299 U.S. at 255). Plaintiffs argue that a stay of certain of Defendants' affirmative defenses raised is warranted because defending those allegations would prejudice Plaintiffs in the Underlying Action. (Mot. 18.) Plaintiffs cite to the California Supreme Court's decision in *Montrose Chemical. Corp. v. Superior Court* for the proposition that "an insurer may not take legal action for its own benefit that could prejudice its insured in an underlying lawsuit." (Mot. 18 (citing *Montrose*, 6 Cal. 4th 287, 301–02 (1993).) Though the Court finds the policy well-taken, Plaintiffs fail to articulate why, for example, responding to discovery about whether the "alleged natural gas leaks and/or the underlying plaintiffs' alleged bodily injury or property damage were accidental, unexpected, or intended" would prejudice the plaintiffs in the Underlying Action, other than that these broad issues "overlap." (Mot. 18.)

Furthermore, AEGIS contends, and the Court concurs, that Plaintiffs may have to rely on the allegedly prejudicial information to prove their prima facie case in this action. (Opp'n 1, 8–10.) For example, Plaintiffs will have to prove "potential for coverage" under the standard they laid out, which would necessarily require information related to what occurrence is covered under Defendants' policies—the subject of AEGIS's twelfth and fourteenth defenses that Plaintiffs seek to stay. (Opp'n 8.) Thus, Plaintiffs' primary argument is not persuasive. Accordingly, the Court finds that this factor weighs in favor of declining a partial stay.

C.  **Judicial Administration**

Finally, the Court considers whether the partial stay would simplify or complicate issues, proof, and questions of law. *See CMAX*, 300 F.2d at 268. Plaintiffs cite to cases in which courts stayed actions to prevent inconsistent factual determinations potentially causing prejudice to the insured in the Underlying Action; however, none of the cited district court cases granted a *partial* stay of only the defendants' affirmative defenses. (*See* Mot. 15–16.)

Plaintiffs further assert that granting the partial stay in this matter is akin to bifurcation of issues. (Mot. 17.) Plaintiffs' cited authority in which the court severed

counterclaims from issues raised in the complaint to serve judicial economy. (Mot. 17 (citing *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985) *superseded by statute on other grounds*).) However, in *Davis*, the claims and counterclaims were on different discovery schedules and the Court found that without severance, the trial on the claims, which addressed different issues from the counterclaims, would be unnecessarily delayed. *Davis*, 751 F.2d at 1517. The instant matter is at a different procedural stage—discovery rather than pre-trial—in the litigation, but more importantly, Plaintiffs seek to sever defenses from the original claims, which is unlike severing claims from counterclaims addressing different issues. The Court finds that permitting a stay would complicate the issues and require parties to relitigate questions of contract interpretation and liability. Thus, the Court finds that this factor also weighs against a partial stay.

Considering the potential damage to Defendants, the failure of Plaintiffs to articulate clear hardship or inequity, and conservation of judicial resources, the Court **DENIES** Plaintiffs' motion to stay.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to stay. (ECF No. 73.)

**IT IS SO ORDERED.**

February 11, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**